UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRACEY GARY,

      Plaintiff

  -against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES,

      Defendant
-------------------------------------------------------------x

**JUDGE RAKOFF**

**08 CV 1157**

**COMPLAINT**

Jury Trial Demanded

FEB 05 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Tracy Gary, by her attorneys, Leeds Morelli & Brown, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This is a civil action based upon Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; New York State Executive Law, Human Rights Law, § 296(6); The Family Medical Leave Act of 1993, 29 U.S.C. §2611, et seq.; the Fourteenth Amendment of the United States Constitution, as enforced through 42 U.S.C. § 1983, et seq.; and any other cause of action that can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3), 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff filed a formal administrative complaint with the Equal Employment Opportunity Commission and was issued a Right to Sue letter dated November 27, 2007.

## PARTIES

5. Plaintiff Tracey Gary ("Gary") was and still is a resident of Bronx County, New York. She is African-American, female, and has been diagnosed with asthma.

6. Defendant New York State Department of Correctional Services ("DOCS") is a department of the State of New York. DOCS has a principal place of business at 1220 Washington Avenue, Building 2, Albany, New York 12226-2050.

## FACTUAL ALLEGATIONS

**Background Facts**

7. On or about July 19, 1997, Plaintiff Tracey Gary ("Gary") commenced her employment as a Correction Officer with Defendant at its Sing Sing Correctional Facility ("Sing Sing").

8. On July 12, 2003, Defendant unjustifiably and discriminatorily accused Gary of having committed a homicide at Sing Sing in March 2003. While at work, DOCS publicly questioned Gary and searched her car, even though DOCS knew that Gary had no role in any homicide. Gary suffered great embarrassment from this public, frivolous investigation.

9. One day later, on or about July 13, 2003, while on duty and in the presence of her immediately supervisor, Sergeant John McNamara, Gary was hit on the head by a Plexiglas window which had "fallen" from a building located on DOCS premises. Despite Gary's requests for an investigation, none was conducted, nor was any corrective action taken.

10. Throughout her employment with DOCS, but particularly in 2004 and continuing to the present, Gary was repeatedly subjected to unwanted sexual advances by male correction officers and supervisors.

11. On numerous occasions continuing to the present, Gary complained to her supervisors about these advances.

12. However, no supervisor took any corrective action in response to Gary's complaints.

13. To the contrary, after these complaints, Gary's work environment became more hostile, as she was falsely and maliciously accused of sexual improprieties, including, but not limited to, sexual contact with the male inmates.

14. On or about February 6, 2004, Gary was investigated by DOCS' Office of the Inspector General ("IG") for untrue, alleged sexual improprieties involving a male inmate. The allegations were summarily dismissed as false and frivolous.

15. On or about November 29, 2004, Gary again was investigated by IG based on false charges of alleged sexual improprieties involving another male inmate. Again, IG dismissed the charges as false and frivolous.

16. On both occasions, Gary requested the identity of her accuser(s), but was denied that information by IG.

17. Employees of DOCS who were not members of Gary's protected classes were not subjected to such frivolous investigation and such rumors.

18. Moreover, despite Gary's many complaints, Defendants have not taken any corrective action.

19. In addition, in or about early February 2004, Gary requested leave under the Family and Medical Leave Act ("FMLA"). Gary made this request for medical leave relating to her asthma.

20. On or about February 20, 2004, DOCS denied that request, claiming that Gary had not worked the required number of hours the year prior. However, Gary had worked the required number of hours.

21. In or about late November 2004, Gary again requested FMLA leave related to her asthma.

22. On or about December 2, 2004, DOCS denied the request for the same false reason. DOCS denied the leave despite that it had examined the year preceding the November 2004 request, rather than the year prior to the February 2004 request.

23. No DOCS employees outside Gary's protected categories have been denied FMLA leave.

## FIRST CAUSE OF ACTION
### (TITLE VII AND NEW YORK HUMAN RIGHTS LAW)

24. As described above, Defendant has taken adverse employment actions against Plaintiff, subjected her to a hostile work environment and/or maintained an atmosphere of adverse actions, due to her gender, race, color, disability, and/or her opposition to discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964 and in violation of New York Executive Law § 296.

25. By reason of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)

26. Defendant, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983. Defendant intentionally committed, condoned, or was deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that its custom or practice of discriminating and/or retaliating against Plaintiff was based on race, color, gender, disability, and opposition to discriminatory practices.

27. Officials of Defendant intentionally committed, condoned, or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

   a. Defendant had a custom or practice of discriminating against Plaintiff based on her gender, race, color, disability, and protected activities. The discriminatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

   b. Supervisors failed to properly investigate and address allegations of discrimination and/or retaliation.

   c. Inadequate training/supervision was so likely to result in the discrimination and/or retaliation, that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

   d. Policymakers engaged in and/or tacitly condoned the discrimination and/or retaliation.

28. By reason of the foregoing, Plaintiff is entitled to all forms of equitable relief which may alleviate and/or redress the unlawful activities described above.

### THIRD CAUSE OF ACTION
### (FMLA)

29. Plaintiff is an eligible employee under the FMLA and Defendant is an employer as defined by the FMLA.

30. On each occasion that Plaintiff sought to take FMLA leave, she was entitled to FMLA leave and informed Defendant that she wished to take FMLA leave.

31. On every occasion that Plaintiff sought that leave, Defendant denied it to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause of action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including, but not limited to, the clearing of her personnel file of any wrongful disciplinary actions, promotion (if applicable), and a permanent injunction enjoining Defendant and its agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which this Court deems just and proper.

Dated: Carle Place, New York
December 11, 2007

LEEDS MORELLI & BROWN, P.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

By: _____
GREGORY A. TSONIS (5737)