UNITES STATES DISTRICT COURT                           Original Filed By ECF
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TRACEY GARY

               Plaintiff,                                    08 CV 1157 (JSR)

      -against-

STATE OF NEW YORK DEPARTMENT                 **NOTICE OF MOTION**
OF CORRECTIONAL SERVICES,                    **TO DISMISS AMENDED**
                                             **COMPLAINT**
            Defendant.
--------------------------------------------------------------X


     PLEASE TAKE NOTICE that upon the annexed Amended Complaint and the accompanying

memorandum of law, defendant State of New York Department of Correctional Services, by its

attorney ANDREW M. CUOMO, the Attorney General of the State of New York, will move this

Court before the Honorable Jed S. Rakoff, at the United States Courthouse, 500 Pearl Street, New

York, New York, 10007 at a date to be determined by the Court, for an order pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing plaintiff's Amended

Complaint on the grounds that (a) plaintiff has failed to plead sufficient facts to state a Title VII

sexual harassment claim; (b) plaintiff has failed to allege a viable retaliation claim; (c) plaintiff has

not plead any facts of discrimination based on her race, color or disability; (d) plaintiff's Federal

Medical Leave Act claim is barred by the Eleventh Amendment to the United States Constitution,

and for such further relief as this Court deems just and proper.

     PLEASE TAKE FURTHER NOTICE, according to the briefing schedule set by the Court,

opposition papers must be served on defendants by June 10, 2008.  Defendants will serve any reply

papers by June 17, 2008.  Oral Argument has been scheduled on June 24, 2008 at 4:00 p.m.

PLEASE TAKE FURTHER NOTICE, that failure to oppose defendant's motion may result

in the dismissal of the amended complaint.

Dated:  New York, New York
        May 27, 2008

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                        State of New York
                                        Attorney for Defendant

                                            /s/ Maria Barous Hartofilis
                                  By:_____
                                        MARIA BAROUS HARTOFILIS
                                        120 Broadway, 24th floor
                                        New York, New York  10271
                                        (212) 416-6295

TO:    Matthew Porges, Esq.
       Leeds Morelli & Brown
       Attorneys for Plaintiff
       One Old Country Road, Suite 347
       Carle Place, NY 11514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

TRACEY GARY,

        Plaintiff

    -against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES,

        Defendant

----------------------------------------------------------------x

**AMENDED COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Tracy Gary, by her attorneys, Leeds Morelli & Brown, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1.    This is a civil action based upon Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; New York State Executive Law, Human Rights Law, § 296(6); The Family Medical Leave Act of 1993, 29 U.S.C. §2611, et seq.; the Fourteenth Amendment of the United States Constitution, as enforced through 42 U.S.C. § 1983, et seq.; and any other cause of action that can be inferred from the facts set forth herein.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3), 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b).


4.    The jurisdictional prerequisites to this lawsuit have been completed.  Plaintiff filed a

formal administrative complaint with the Equal Employment Opportunity Commission

and was issued a Right to Sue letter dated November 27, 2007.


### PARTIES

5.    Plaintiff Tracey Gary ("Gary") was and still is a resident of Bronx County, New York.

She is African-American, female, and has been diagnosed with asthma.


6.    Defendant New York State Department of Correctional Services ("DOCS") is a

department of the State of New York.  DOCS has a principal place of business at 1220

Washington Avenue, Building 2, Albany, New York 12226-2050.

2

## FACTUAL ALLEGATIONS

### Employment History

7.      On or about July 19, 1997, Plaintiff Tracey Gary ("Gary") commenced her employment

as a Correction Officer with Defendant at its Sing Sing Correctional Facility ("Sing

Sing").

### Harassment

8.      On July 12, 2003, Defendant unjustifiably and discriminatorily accused Gary of having

committed a homicide at Sing Sing in March 2003.  While at work, DOCS publicly

questioned Gary and searched her car, even though DOCS knew that Gary had no role in

any homicide.    Gary suffered great embarrassment from this public, frivolous

investigation.

9.      One day later, on or about July 13, 2003, while on duty and in the presence of her

immediately supervisor, Sergeant John McNamara, Gary was hit on the head by a

Plexiglas window which had "fallen" from a building located on DOCS premises.

Despite Gary's requests for an investigation, none was conducted, nor was any corrective

action taken.

10.     Throughout her employment with DOCS, but particularly in 2004 and continuing to the

present, Gary was repeatedly subjected to unwanted sexual advances by male correction

officers and supervisors.

3

11.    On numerous occasions continuing to the present, Gary complained to her supervisors about these advances.

12.    However, no supervisor took any corrective action in response to Gary's complaints.

13.    To the contrary, after these complaints, Gary's work environment became more hostile, as she was falsely and maliciously accused of sexual improprieties, including, but not limited to, sexual contact with the male inmates.

14.    On or about February 6, 2004, Gary was investigated by DOCS' Office of the Inspector General ("IG") for untrue, alleged sexual improprieties involving a male inmate. The allegations were summarily dismissed as false and frivolous.

15.    On or about November 29, 2004, Gary again was investigated by IG based on false charges of alleged sexual improprieties involving another male inmate. Again, IG dismissed the charges as false and frivolous.

16.    On both occasions, Gary requested the identity of her accuser(s), but was denied that information by IG.

17.    Employees of DOCS who were not members of Gary's protected classes were not subjected to such frivolous investigation and such rumors.

4

18.     Moreover, despite Gary's many complaints, Defendants have not taken any corrective

action.

**Denial of FMLA Leave**

19.     In addition, in or about early February 2004, Gary requested leave under the Family and

Medical Leave Act ("FMLA").  Gary made this request for medical leave relating to her

asthma.

20.     On or about February 20, 2004, DOCS denied that request, claiming that Gary had not

worked the required number of hours the year prior.  However, Gary had worked the

required number of hours.

21.     In or about late November 2004, Gary again requested FMLA leave related to her

asthma.

22.     On or about December 2, 2004, DOCS denied the request for the same false reason.

DOCS denied the leave despite that it had examined the year preceding the November

2004 request, rather than the year prior to the February 2004 request.

23.     No DOCS employees outside Gary's protected categories have been denied FMLA leave.

**Further Harassment**

24.    In 2006, Gary went to visit her brother-in-law in one of DOCS' facilities.  Despite that

she had received approval to see that same brother-in-law since 1997, Gary was now told

that she did not have the required approval.  Specifically, Gary did not receive the

approval because she had been listed as visitor who was a friend, rather than as a visitor

who was a relative.

25.    As a result, she was not allowed to visit her brother-in-law.

26.    Shortly thereafter, rumors began to circulate at Sing Sing that Gary had been barred from

seeing an unauthorized inmate. It was speculated that she had engaged in unbecoming

conduct. These rumors were entirely untrue.

27.    Soon, one of Gary's colleagues, a Union Representative, began talking to Gary's fellow

corrections officers about the incidents for which Gary had been improperly investigated.

All of the incidents discussed had been investigated, were found to be frivolous and false,

and were supposed to be kept confidential.  However, discussions about these incidents

were had throughout Sing Sing, embarrassing Gary.

28.    Gary sent a letter to Superintendent Brian Fisher requesting an investigation regarding the

latest dissemination of the rumors. He did little or nothing to investigate.

## FIRST CAUSE OF ACTION
### (TITLE VII)

29.     As described above, Defendant has taken adverse employment actions against Plaintiff,

subjected her to a hostile work environment and/or maintained an atmosphere of adverse

actions, due to her gender, race, color, disability, and/or her opposition to discriminatory

practices, in violation of Title VII of the Civil Rights Act of 1964.

30.     By reason of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered a

loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and

physical injury.   Plaintiff is thus entitled to all forms of applicable compensatory

damages, equitable relief, and any other damages and/or remedies permissible under law.

## SECOND CAUSE OF ACTION
### (FMLA)

31.     Plaintiff is an eligible employee under the FMLA and Defendant is an employer as

defined by the FMLA.

32.     On each occasion that Plaintiff sought to take FMLA leave, she was entitled to FMLA

leave and informed Defendant that she wished to take FMLA leave.

33.     On every occasion that Plaintiff sought that leave, Defendant denied it to Plaintiff.

7

WHEREFORE, Plaintiff demands judgment against Defendant in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause of action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including, but not limited to, the clearing of her personnel file of any wrongful disciplinary actions, promotion (if applicable), and a permanent injunction enjoining Defendant and its agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which this Court deems just and proper.

Dated: Carle Place, New York
       May 6, 2008

                                        LEEDS MORELLI & BROWN, P.C.
                                        *Attorneys for Plaintiff*
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        (516) 873-9550

                                        MATTHEW S. PORGES (MP-5826)

8