UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY GARY

                Plaintiff,

    -against-

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES,

                Defendant.
------------------------------------------------------------X

Original Filed By ECF

08 CV 1157 (JSR)

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
# OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

                ANDREW M. CUOMO
                Attorney General of the
                  State of New York
                <u>Attorney for Defendants</u>
                120 Broadway
                New York, New York 10271
                (212) 416-6295

MARIA BAROUS HARTOFILIS
Assistant Attorney General
  <u>of</u> <u>counsel</u>

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

Preliminary Statement ........................................................................................................... 1

Procedural History ................................................................................................................ 2

Statement of Facts ................................................................................................................. 2

A.   Allegations of Sexual Harassment ............................................................................ 2

B.   Allegations of Further Harassment ........................................................................... 3

C.   Allegations of Retaliation Based on Race, Color and Disability ............................. 4

D.   FMLA Claim ............................................................................................................. 4

ARGUMENT    PREVAILING LEGAL STANDARDS MANDATE
              DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT .................. 4

POINT I       PLAINTIFF'S TITLE VII CLAIMS REQUIRE DISMISSAL ................. 5

A.   Plaintiff Fails to State a Sexual Harassment Claim .................................................. 5

B.   Plaintiff has Failed to Allege a Viable Retaliation Claim ........................................ 7

     1.   Plaintiff has not suffered an adverse employment action ................................. 8

     2.   No causal connection between protected activity and alleged retaliation ........ 9

     3.   Plaintiff has failed to allege a viable claim of disparate treatment ................ 11

C.   Race, Color, Disability Discrimination .................................................................. 12

POINT II      PLAINTIFF CANNOT MAINTAIN AN FMLA CLAIM
              AS IT IS BARRED BY THE ELEVENTH AMENDMENT ................... 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                               **Page**

ATSI Commc'ns., Inc. v. The Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007) .................................................................................. 5

Associated Gen. Contractors v. California State Council of Carpenters,
    459 U.S. 519 (1983) ........................................................................................... 7

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007) ............................................................................ 4, 5, 6, 7

Boylan v. Arruda,
    42 F. Supp.2d 352 (S.D.N.Y. 1999) .................................................................. 9

Burlington Northern & Santa Fe Railway Co. v. White, . U.S. ,
    548 U.S. 53 (2006) ........................................................................................ 7,8,9

Cifra v. GE,
    252 F.3d 205 (2d Cir. 2001) .............................................................................10

Clark County Sch. District v. Breeden,
    532 U.S. 268 (2001) ......................................................................................... 10

Fitzgerald v. Henderson,
    251 F.3d 345 (2d Cir. 2001) ............................................................................ 11

Galabay v. N.Y. City Bd. Of Educ.,
    202 F.3d 636 (2d Cir. 2000) ..................................................................  .............6

Gregory v. Daly,
    243 F.3d 687 (2d Cir. 2001) ............................................................................ 11

Hale v. Mann,
    219 F.3d 61 (2d Cir. 2000) ....................................................................... 12, 13

Harris v. Forklift Systems, Inc.,
    510 U.S. 17 (1993) ............................................................................................ 6

Hollander v. American Cyanamid Co.,
    895 F.2d 80 (2d Cir. 1990) ..............................................................................10

Jones v. Consumer Info. Dispute Resolution,
    2007 U.S. Dist. LEXIS 60241 (S.D.N.Y. 2007) ............................................... 5

Kotcher v. Rosa and Sullivan Appliance Ctr.,
    957 F.2d 59 (2d Cir. 1992) ......................................................................................... 6

Knight v. City of New York,
    303 F. Supp. 2d 485 (S.D.N.Y. 2004), aff'd, 2005 U.S. App. LEXIS 23212
    (2d Cir. 2005) ............................................................................................................ 10

Lowrance v. Achtyl,
    20 F.3d 529 (2d Cir. 1994) ......................................................................................... 9

Martin v. Citibank N.A.,
    762 F.2d 212 (2d Cir. 1985) ....................................................................................... 9

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973) .................................................................................................. 11

Meritor Savings Bank, FSB v. Vinson,
    477 U.S. 57 (1986) ..................................................................................................... 5

Nevada Dep't. of Human Res. v. Hibbs,
    538 U.S. 721 (2003) ............................................................................................ 12, 13

Nicastro v. Runyon,
    60 F. Supp. 2d 181 (S.D.N.Y. 1999) ......................................................................... 10

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007) .................................................................................. 5, 8

Pennhurst State School Hospital v. Halderman,
    465 U.S. 89 (1984) .................................................................................................... 13

Phones Plus, Inc. v. Hartford Fin. Servs. Group, Inc.,
    2007 U.S. Dist. LEXIS 78767 (D. Conn. 2007) ........................................................ 7

Reyes v. City Univ. of N.Y.,
    2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. 2007) ....................................................... 10

Richardson v. New York State Department of Correctional Services,
    180 F.3d 426 (2d Cir. 1999) ....................................................................................... 6

Riegel v. State of New York,
    2008 U.S. Dist. LEXIS 2600 (N.D.N.Y. Jan. 14, 2008) ......................................... 7, 8

Rolle v. New York State Liquor Authority,
    2006 U.S. Dist. LEXIS 55821 (S.D.N.Y. 2006) ....................................................... 13

Serafin v. Conn.,
    2005 U.S. Dist. LEXIS 3603 (D. Conn. 2005) ........................................................... ....13

Watts v. Servs. For The Underserved,
    2007 U.S. Dist. LEXIS 41209 (E.D.N.Y.  2007) ........................................................... 5

Weeks v. New York State,
    273 F.3d 76 (2d Cir. 2001) ....................................................................................... 11

Williams v. R.H. Donnelley Corp.,
    368 F.3d 123 (2d Cir. 1994) ..................................................................................... 6

**Federal Statutes**
Title VII ............................................................................................................. 1, 2, 5, 6, 7, 12
FMLA ............................................................................................................... 1,2,4,5,12,13
42 U.S.C. § 1983 ............................................................................................... 13
HRL § 296  ......................................................................................................... 13

**Federal Rules**
Fed. R. Civ. P. 8 ................................................................................................. 7,12
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 4
Fed. R. Civ. P. 129b)(1) ..................................................................................... 1, 5

**State Statutes**
N.Y. Penal Law § 130.05(3)  ............................................................................. 8

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRACEY GARY

                Plaintiff,                                          08 CV 1157 (JSR)

      -against-

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONA SERVICES,

                Defendant.
-------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
### OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

**Preliminary Statement**

Defendant, the New York State Department of Correctional Services ("DOCS"), submits this memorandum of law in support of its motion to dismiss plaintiff's Amended Complaint ("Compl.") pursuant to Fed. R. Civ. P. 12(b) (1) and (6) on the following grounds, which are set forth in greater detail below:

    (a)    plaintiff has failed to plead sufficient facts to state a Title VII sexual harassment claim;

    (b)    plaintiff has failed to allege a viable retaliation claim;

    (c)    plaintiff has not plead any facts of discrimination based on her race, color or disability and;

    (d)    plaintiff's Federal Medical Leave Act ("FMLA") claim is barred by the Eleventh Amendment to the United States Constitution.

**Procedural History**

Plaintiff's initial complaint was filed with the Court on February 5, 2008. During the initial Court conference held on April 17, 2008, the Court recommended that plaintiff amend the complaint to cure the defects to the complaint that had been pointed out by counsel for the defendant. Defendant maintained that the complaint failed to state a claim of discrimination based on gender, race, color, disability and/or opposition to discriminatory practices. Defendant also maintained that plaintiff's FMLA claim was barred by the Eleventh Amendment.

Despite being provided with the opportunity to amend the complaint, plaintiff has failed to add any additional factual allegations to support any of her Title VII claims. See, Compl. at ¶¶ 8-18. Rather, plaintiff adds only unrelated claims regarding a refusal to allow her to visit her brother-in-law, who is apparently an inmate in a DOCS facility. Id. at ¶¶ 24-28. She makes not effort to plead any facts that would connect such refusal, two years after the other events in the complaint, to any form of discrimination or retaliation. Plaintiff also failed to remove her constitutionally barred FMLA claim. Id. at ¶¶ 19-23.

**Statement of Facts**

Plaintiff, an African-American female, is employed by DOCS as a correction officer assigned to Sing Sing Correction Facility ("Sing Sing"). See, Compl. at ¶ 5. Plaintiff contends, in conclusory terms, that her rights were violated by DOCS in that they took "adverse employment actions" against her, "subjected her to a hostile work environment and/or maintained an atmosphere of adverse actions, due to her gender, race, color, disability, an/or her opposition to discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964."

Id. at ¶ 29. Plaintiff also claims that she was denied leave, for her own health condition, under the FMLA. Id. at ¶¶ 32, 33.[1]

**A.    Allegations of Sexual Harassment**

In support of her sexual harassment claim, plaintiff merely alleges that throughout her employment with DOCS, which began on or about July 19, 1997, but particularly in 2004 and continuing to the present, she was "repeatedly subjected to unwanted sexual advances by male correction officers and supervisors." Id. at ¶ 10.

**B.    Allegations of Further Harassment**

According to plaintiff, "[o]n numerous occasions continuing to the present, [plaintiff] complained to her supervisors about these advances" but "no supervisor took any corrective action in response to [plaintiff's] complaints." Id. at ¶¶ 11, 12. Plaintiff also claims that "after these complaints, [plaintiff's] work environment became more hostile, as she was falsely and maliciously accused of sexual improprieties…" and investigated by DOCS' Office of the Inspector General ("IG") for alleged sexual improprieties involving a male inmate. Id. at ¶¶ 14, 15. Plaintiff alleges that "employees of DOCS who were not members of [plaintiff's] protected classes were not subjected to such frivolous investigation and such rumors." Id. at ¶ 17. However, plaintiff does not explain what her "protected classes" are or provide any details regarding these other individuals.

---

[1] This statement of facts is taken from the amended complaint. While defendant does not concede the accuracy, the allegations are accepted as true for purposes of this motion only.

3

**C.     Allegations of Discrimination Based on Race, Color and Disability**

Other than claiming she was subjected to adverse employment actions and a hostile work environment due to her "race, color, disability", plaintiff has not plead any facts in support of these conclusory allegations. Id. at ¶ 29.

**D.     FMLA Claim**

With respect to her FMLA claim, plaintiff alleges that she made a request for FMLA leave "relating to her asthma" in February 2004 and November 2004 and was denied both times. Id. at ¶¶ 19-22. According to plaintiff, "[n]o DOCS employees outside Gary's protected categories have been denied FMLA leave." Id. at ¶ 23. Plaintiff does not explain what her "protected categories" are or provide any details regarding these other individuals.

**ARGUMENT**

**PREVAILING LEGAL STANDARDS MANDATE
DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

This complaint fails as a matter of law to satisfy the pleading requirements in federal court. As the Supreme Court has recently held, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In Twombly, the Court made clear that even at the pleading stage, a plaintiff must come forward with sufficient allegations suggesting a violation of plaintiff's rights. Id. at 1966. Specifically, the complaint must have "enough factual matter (taken as true) to suggest that" the defendant engaged in the alleged unlawful conduct - in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegality. Id. at 1965. The Court expressed particular concern over subjecting defendants to the burdens of discovery where this standard is not met. Id. at 1969 n. 8 (indicating that there must be a "reasonably founded hope

that the [discovery] process will reveal relevant evidence" to support the claim, and that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct."). See also Patane v. Clark, 508 F.3d 106 (2d Cir. 2007); ATSI Commc'ns., Inc. v. The Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) (plaintiff must make "factual allegations sufficient 'to raise a right to relief above the speculative level.'" quoting Twombly); Jones v. Consumer Info. Dispute Resolution, 2007 U.S. Dist. LEXIS 60241 (S.D.N.Y. Aug. 15, 2007); Watts v. Servs. For The Underserved, 2007 U.S. Dist. LEXIS 41209 (E.D.N.Y. June 6, 2007). Because plaintiff in this case has not alleged sufficient facts to suggest a plausible Title VII claim, the complaint must be dismissed in its entirety.

In addition, because plaintiff's FMLA claim is barred under the Eleventh Amendment, this claim must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## POINT I

## PLAINTIFF'S TITLE VII CLAIMS REQUIRE DISMISSAL

### A. Plaintiff Fails to State a Sexual Harassment Claim

Plaintiff's cause of action for sexual harassment under Title VII must be dismissed. First, the facts alleged are far too conclusory and vague to raise a plausible claim of discrimination on the basis of sex. In addition, plaintiff has not shown that the conditions of her employment have been severely altered because of any such discrimination, a necessary element of her discrimination claim.

Under Title VII "for sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). The circumstances which may be relevant to this inquiry include "the frequency of the discriminatory

5

conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc. 510 U.S. 17, 114 S. Ct. 367, 371 91993).  As the Second Circuit has explained, "[t]he incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief."  Richardson v. New York State Department of Correctional Services, 180 F.3d 426 (2d Cir. 1999), quoting, Kotcher v. Rosa and Sullivan Appliance Ctr., 957 F.2d 59, 62 (2d Cir. 1992).

Employment actions that the Second Circuit has "deemed sufficiently disadvantageous to constitute an adverse employment action include 'a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices...unique to a particular situation.'"  Williams v. R.H. Donnelley Corp., 368 F.3d 123, 128 (2d Cir. 1994)(quoting, Galabay v. N.Y. City Bd. Of Educ., 202 F.3d 636, 640 (2d Cir. 2000)).

Plaintiff's allegations clearly fail to rise to the level of a Title VII violation.  Other than stating in the most conclusory manner that she was "repeatedly subjected to unwanted sexual advances by male correction officers and supervisors," plaintiff has not offered any facts which support her claim, let alone "sufficient allegations suggesting illegal conduct." Bell Atlantic, 127 S.Ct. at 1965.  Plaintiff does not provide the names of the individuals who made the alleged unwanted sexual advances, the dates and locations of the alleged advances or the details and the nature of the alleged sexual advances.  Without any such facts, plaintiff fails to state a claim of sexual harassment that was "severe or pervasive," rather than merely isolated, episodic incidents.  Furthermore, there are no allegations that the alleged sexual harassment seriously or severely altered the conditions of plaintiff's workplace. The complete lack of any specifics concerning the

purported harassment also fails to give DOCS sufficient notice of the claim, preventing DOCS from fairly investigating the claim and preparing a defense.

"[E]ven keeping in mind the lenient pleading standards of Rule 8, these allegations are insufficient to make it plausible that Plaintiff would be able to prove any set off acts consistent with these allegations to demonstrate that [she] is entitled to relief with respect to [her] sexual harassment claim." Riegel v. State of New York, 2008 U.S. Dist. LEXIS 2600, *18 (N.D.N.Y. Jan. 14, 2008)(Court granted defendants' motion to dismiss plaintiff's sexual harassment claim where plaintiff alleged only two occasions on which he was sexually harassed), citing, Phones Plus, Inc. v. Hartford Fin. Servs. Group, Inc. 2007 U.S. Dist. LEXIS 78767 (D. Conn. 2007)(holding that, "[i]n order to survive a motion to dismiss, the factual allegations must 'raise a right of relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" (quoting, Bell Atlantic, 127 S. Ct. at 1965)). "It is not proper... to assume that [plaintiff] can prove facts that [she] has not alleged" or that defendants have violated the laws in ways that have not been alleged. See, Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Despite being given the opportunity by the Court to amend the complaint, plaintiff has failed to provide defendant with "fair notice of what the plaintiff's claim is…" See, Fed. R. Civ. P. 8(a). Accordingly, since plaintiff has failed to allege even the basic elements of a sexual harassment claim, this claim must be dismissed in its entirety.

**B.    Plaintiff has Failed to Allege a Viable Retaliation Claim**

While plaintiff never specifically refers to a 'retaliation' claim, to the extent she asserts such a claim, her claim fails. In order to "state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity

7

known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007). An "adverse action" is an action "that a reasonable employee would have found… materially adverse, i.e., that the action well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Riegel, 2008 U.S. Dist. LEXIS 2600 at *19, quoting, Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (internal quotations omitted).

Defendant does not dispute that complaining about alleged sexual harassment constitutes a protected activity. However, plaintiff has not pleaded any facts indicating that defendant took an adverse action against her or acted with retaliatory intent. She has alleged no direct evidence of causation. Nor has she pleaded close enough temporal proximity to raise a non-speculative inference of a causal connection between the protected activity and any retaliation.

### 1. Plaintiff has not suffered an adverse employment action

Plaintiff allegedly being investigated on two separate occasions, approximately 10 months apart, by the IG for sexual improprieties involving male inmates, does not constitute an adverse employment action. If the IG's Office did in fact investigate plaintiff for alleged sexual improprieties with an inmate, it was acting within the realm of its authority. Any sexual relations between staff and inmates are strictly prohibited by DOCS and constitute criminal behavior. See, N.Y. Penal Law § 130.05(3)(e). If the IG's office receives allegations of this nature, they are under an obligation to investigate them. The fact that the allegations might have been unsubstantiated, as plaintiff claims, does not make the investigation an adverse action for purposes of a retaliation claim. Similarly, plaintiff's allegation that DOCS questioned her on July 12, 2003 and searched her car with respect to a homicide investigation does not constitute an

adverse action. In any event, even if the allegations are true, it is well established that if a state action is "taken for both proper and improper reasons, state action may be upheld if the action would have been taken based on the proper reason alone." Lowrance v. Achtyl, 20 F.3d 529 (2d Cir. 1994).

In Boylan v. Arruda, 42 F. Supp.2d 352, 357 (S.D.N.Y. 1999), a First Amendment retaliation case, the Court held that "simply undergoing an investigation is not sufficient to constitute 'adverse employment action.'" See also, Martin v. Citibank N.A., 762 F.2d 212, 221 (2d Cir. 1985)(Court held that conducting an investigation into an employee's alleged misconduct does not give rise to a work environment so hostile as to warrant an inference of constructive discharge). The Court also held that plaintiff's employment was not affected in any detrimental way, in order to establish an adverse employment action, since he was not disciplined as a result of investigations of alleged credit card fraud. Id. at 357, 358. The injury to plaintiff's reputation was insufficient to establish a deprivation of a constitutional right. Id. at 358.

Here, plaintiff did not sustain any employment consequences as a result of the IG investigations in this case. Plaintiff does not claim to have been disciplined, and her pay and/or duties were not impacted. In fact, plaintiff concedes that the allegations were unsubstantiated. See, Compl at ¶¶ 14, 15. Accordingly, under Boylan, plaintiff's allegations are insufficient to establish an adverse employment action. Even under Burlington's broader definition of adverse actions, they are insufficient.

### 2. No causal connection between protected activity and alleged retaliation

Even if the IG's office investigations were considered adverse actions, plaintiff has not satisfied her burden of establishing a causal connection between reporting the alleged sexual

9

harassment and the IG's investigations.  The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action. See, Cifra v. GE, 252 F.3d 205, 216 (2d Cir. 2001).  The causal connection can also be established by direct evidence of a nexus.  In this case, plaintiff has not established that any complaints she made of sexual harassment were closely followed by any adverse action or that there was any nexus between any complaints and the IG investigations.

      Plaintiff claims that she was subjected to unwanted sexual advances since the commencement of her employment with DOCS on July 19, 1997, but she fails to allege when she made any complaint of such alleged harassment. Plaintiff, therefore, has not alleged any temporal proximity between any complaints about sexual harassment that occurred as early as 1997 and the IG's investigations in 2004.  Plaintiff thus cannot rest upon temporal proximity to support her retaliation claim. In order for a temporal relationship to permit an inference of retaliatory intent, the retaliatory action must follow closely on the protected conduct. See, e.g., Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (holding that action taken 20 months after protected activity suggests no causal connection and citing with approval cases that held that intervals of three and four months were too long).  Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (a three and one-half month interval may be insufficient to establish a causal connection); Reyes v. City Univ. of N.Y., 2007 U.S. Dist. LEXIS 55101, * 14 (S.D.N.Y. 2007) ("it is equally well settled that more than three or four months does not qualify as 'follow[ing] closely,'" citing Clark County); Knight v. City of New York, 303 F. Supp. 2d 485, 498 (S.D.N.Y. 2004), aff'd, 2005 U.S. App. LEXIS 23212 (2d Cir. 2005); Nicastro v. Runyon, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the

alleged act of retaliation"). Nor does plaintiff allege any direct evidence of any nexus between any complaint and the IG investigations.

In addition, plaintiff hasn't established a causal connection between being questioned in a homicide investigation on July 12, 2003, and any alleged complaints she might have made regarding being sexually harassed, especially since she claims she was sexually harassed "particularly in 2004." Id. at ¶ 10. Indeed, while plaintiff includes no dates of her alleged complaints, the chronology in which she describes the events in her amended complaint belies any connection. Plaintiff refers to no complaints made before her reference to the homicide investigation in July, 2003. Id. at ¶ 8. Her first reference to complaints comes after this investigation. Id. at ¶ 11.

Moreover, plaintiff fails to connect her allegations regarding being hit on the head by a Plexiglass window on July 13, 2003 and not being permitted to visit her brother in law in another correctional facility, in any way with any form of discrimination or retaliation. Id. at ¶¶ 9, 24-25.

### 3. Plaintiff has failed to allege a viable claim of disparate treatment

To the extent that plaintiff is alleging disparate treatment on the basis of sex (or any other basis) by her vague claim that "employees of DOCS who were not members of [plaintiff's] protected classes were not subjected to such frivolous investigation and such rumors," plaintiff has failed to state a claim. An adverse employment action is also a requisite of a claim alleging disparate treatment. See, Weeks v. New York State, 273 F.3d 76, 85 (2d Cir. 2001), citing, McDonnell Douglas Corp. v. Green, 411 U.S.792, 802 (1973); Gregory v. Daly, 243 F.3d 687, 695 (2d Cir. 2001). In Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001), the Second Circuit held that "[t]o establish a prima facie case of disparate treatment, a plaintiff must show, inter alia, that [he] was subjected to adverse employment action, under circumstances giving rise

to an inference of prohibited discrimination. See e.g., Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997).

Since none of the alleged actions of defendant constitute an adverse employment action, for the reasons discussed above, plaintiff has failed to set forth a prima facie case of disparate treatment, requiring a dismissal of this claim. Plaintiff has also failed to alleged any facts supporting the slightest inference that any action was taken against her because of her sex.

Accordingly, for the reasons set forth above, plaintiff's retaliation claim must be dismissed.

### C.  Race, Color, Disability Discrimination

Plaintiff has not plead any facts of discrimination based on her race, color or disability. Other than her bare allegation that she was discriminated on these bases (See, Compl at ¶ 29), the amended complaint is completely bereft of any facts in support of these claims. In addition, although plaintiff alleges discrimination based on a disability, Title VII does not cover discrimination on the basis of disability. Therefore, since plaintiff has not met the pleading requirement of Rule 8 of the Fed. R. Civ. P., these clearly implausible claims must be dismissed.

### POINT II

### PLAINTIFF CANNOT MAINTAIN AN FMLA CLAIM AS IT IS BARRED BY THE ELEVENTH AMENDMENT

Any claim under the FMLA based on a denial of medical leave to enable plaintiff to deal with her own illness is barred by the Eleventh Amendment. In Hale v. Mann, 219 F.3d 61, 69 (2d Cir. 2000), the Court held that the Eleventh Amendment precluded plaintiff's FMLA suit because plaintiff was on medical leave to deal with his own health condition, not that of a family member. The Supreme Court's decision in Nevada Dep't. of Human Res. v. Hibbs, 538 U.S.

721, 725 (2003) does not alter the result of Hale. In Nevada, the Court reasoned that the Eleventh Amendment immunity was validly abrogated to enforce the Fourteenth Amendment's guarantee of sexual equality since the primary responsibility for family caretaking often falls on women. This reasoning does not pertain when an employee seeks leave based on his or her own medical condition as was the case in Hale. The Court in Nevada expressed no opinion on whether a state may be sued for violating the section of the Act providing medical leave for *one's own* illness or disability, which had been decided earlier in Hale. See, Serafin v. Conn., 2005 U.S. Dist. LEXIS 3603, *17 (D. Conn. 2005) (The Court recognized Hale had held that sovereign immunity bars suits against the states for violating the provision of the FMLA dealing with leave based on one's own medical condition.). Therefore, since plaintiff's FMLA claim is based on her denial of FMLA leave for her own health condition, her asthma, the claim is precluded under the Eleventh Amendment.

In addition, although plaintiff does not state a claim under 42 U.S.C. § 1983 and Human Rights Law § 296 (6) in the amended complaint and upon information and belief has withdrawn those claims, to the extent these claims are still asserted in paragraph one of the amended complaint, they are obviously barred by the Eleventh Amendment. See, Pennhurst State School Hospital v. Halderman, 465 U.S. 89 (1984); Rolle v. New York State Liquor Authority, 2006 U.S. Dist. LEXIS 55821 (S.D.N.Y. 2006).

## CONCLUSION

For all of the reasons set forth above, defendant respectfully requests that plaintiff's Amended Complaint be dismissed in its entirety.

Dated: New York, New York
May 27, 2008

                              Respectfully submitted,

                              ANDREW M. CUOMO
                              Attorney General of the
                                State of New York
                              <u>Attorney for Defendants</u>
By:

                                /s/ Maria Barous Hartofilis
                            _____
                            MARIA BAROUS HARTOFILIS
                            Assistant Attorney General
                            120 Broadway, 24th Floor
                            New York, New York   10271
                            (212) 416-6295


MARIA BAROUS HARTOFILIS
Assistant Attorney General
  <u>of</u> <u>counsel</u>