UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY GARY,

                Plaintiff,

   - against –                               Docket No.: 08 CV 1157 (JSR)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES,

                Defendant.
------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LEEDS MORELLI & BROWN, P.C.
*Attorneys for Plaintiff*
One Old Country Road, Ste. 347
Carle Place, New York 11514
(516) 873-9550

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 2

ARGUMENT ..................................................................................................................................... 3

    I.    THE MOTION TO DISMISS STANDARD ............................................................. 3

    II.    PLAINTIFF STATES A CLAIM UNDER TITLE VII ............................................ 6

    III.    PLAINTIFF'S FMLA CLAIM AGAINST DEFENDANT IS ONLY BARRED IN FEDERAL COURT. ................................................................................................ 11

CONCLUSION ................................................................................................................................ 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY GARY,

                Plaintiff,

    - against –                                          Docket No.: 08 CV 1157 (JSR)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES,

                Defendant.
------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS


                                                        LEEDS MORELLI & BROWN, P.C.
                                                        *Attorneys for Plaintiff*
                                                        One Old Country Road, Ste. 347
                                                        Carle Place, New York 11514
                                                        (516) 873-9550

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT .............................................................................................................................3

    I.    THE MOTION TO DISMISS STANDARD .............................................................3

    II.    PLAINTIFF STATES A CLAIM UNDER TITLE VII ..............................................6

    III.    PLAINTIFF'S FMLA CLAIM AGAINST DEFENDANT IS ONLY BARRED IN FEDERAL COURT. ...............................................................................................11

CONCLUSION ........................................................................................................................12

## TABLE OF AUTHORITIES

Page

STATUTES

Fed. R. Civ. P. 12 (b)(1) and (6) ................................................................................................. 1

Fed. R. Civ. P. 8 (a)(2). .............................................................................................................. 1

CASE LAW

Bell Atlantic Corp. v. Twombly
127 S. Ct. 1955 (2007) ........................................................................................................... 4,5

Bennet v. Schmidt.
153 F.3d 516, 518 (7th Cir. 1998) .............................................................................................. 4

Borrero v. Collins Bldg. Services, Inc.
2002 WL 31415511 (S.D.N.Y Oct. 25, 2002) ......................................................................... 10

Burlington Northern & Santa Fe Railway Co. v. White.
126 S.Ct. 2405, 2409 (2006) ..................................................................................................... 9

Chambers v. TRM Copy Centers Corp.
43 F.3d 29, 37 (2d Cir. 1994) .................................................................................................. 10

Conley v. Gibson
355 U.S. 41, 78 S.Ct. 99 (1957) ................................................................................................ 3

Cosgrove v. Sears, Roebuck & Co.
9 F.3d 1033 (2d Cir. 1993) ....................................................................................................... 8

Cronin v. Aetna Life Ins. Co.
46 F.3d 196 (2d Cir. 1995) ....................................................................................................... 9

Dister v. Continental Group Inc.
859 F.2d 1108 (2d Cir. 1988) ................................................................................................. 10

Gagliardi v. Village of Pawling.
18 F.3d 188, 195 (2d Cir. 1994) ................................................................................................ 8

Gant v. Wallingford Bd. Of Educ.
69 F.3d 669 (2d Cir. 1995) ....................................................................................................... 3

Gordon v. New York City Bd. of Educ.
232 F.3d 111 (2d Cir. 2000) ................................................................................. 8

Gorman-Bakos v. Cornell Co-Op Extension of Schenectady County
252 F.3d 545, 664 (2d Cir. 2001) ........................................................................ 11

Greenier v. Pace, Local No. 1188
2002 WL 731714 (D. Me. 2002) ........................................................................... 4

Harris v. Forklift Systems, Inc.
510 U.S. 17 (1993) ................................................................................................ 6

Hernandez v. Coughlin
18 F.3d 133 (2d Cir.) ............................................................................................. 3

Howley v. Town of Stratford
217 F.3d 141 (2d Cir. 2000) .............................................................................. 6,7

Iqbal v. Hasty
490 F.3d 143, 157 (2nd Cir. 2007) ........................................................................ 5

McNair v. N.Y.C. Health and Hosps. Corp.
160 F. Supp. 2d 601 (S.D.N.Y. 2001) ................................................................. 10

Rodriguez v. Board of Ed. of Eastchester Union Free School Dist.
620 F.2d 364 (2d Cir. 1980) ................................................................................ 10

Scaria v. Rubin.
117 F.3d 652, 654 (2d Cir. 1997) .......................................................................... 9

Seminole Tribe of Florida v. Florida
517 U.S. 44, 54 (1996) ........................................................................................ 11

Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.
380 F.3d 126, 132 (2nd Cir. 2004 .......................................................................... 4

Swierkiewicz v. Soreman N.A.
122 S. Ct. 992 (2002) ......................................................................................... 3,5

## **PRELIMINARY STATEMENT**

In December 2004, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission. Plaintiff then received a right-to-sue letter, dated November 27, 2007. On December 14, 2007, Plaintiff commenced the instant action. Thereafter, on April 2, 2007, Plaintiff filed an Amended Complaint.

Defendant now seeks an Order pursuant to Fed. R. Civ. P. 12(b)(1) and (6) dismissing the Amended Complaint, arguing: (1) Plaintiff has failed to plead sufficient facts to state a Title VII sexual harassment claim; (2) Plaintiff has failed to allege a viable retaliation claim; (3) Plaintiff has not plead any facts of discrimination based on her race, color or disability; and (4) Plaintiff's Family and Medical Leave Act ("FMLA") claim is barred by the Eleventh Amendment to the United States Constitution.

This memorandum of law is submitted in opposition to Defendant's Motion to Dismiss the Amended Complaint. As set forth below, Plaintiff has complied with the notice pleading requirements of Fed. R. Civ. P. 8(a)(2). As a result, Defendant's Motion to Dismiss is inappropriate. Accordingly, Defendant's Motion to Dismiss should be denied in its entirety and Plaintiff should be permitted to proceed to the discovery phase of the litigation on all claims alleged in the Amended Complaint.

With regard to Plaintiff's claim pursuant to FMLA, Plaintiff respectfully requests that she be allowed to withdraw said claim without prejudice with leave to file in state court. Plaintiff must concede that Defendant is correct in asserting that the Eleventh Amendment of the United States Constitution bars a FMLA claim against Defendant in federal court. However, no such preclusion applies in state court.

- 2 -

## STATEMENT OF FACTS

The relevant facts of this case are set forth in detail in the Amended Complaint (Attached as Exhibit A) (hereinafter "Complaint") and are referred to (with citations) throughout the body of this memorandum of law.

## ARGUMENT

### I. THE MOTION TO DISMISS STANDARD

It is well established that when a motion is made to dismiss for failure to state a claim upon which relief can be granted, the court will accept all facts alleged in the Amended Complaint as true, and construe all reasonable inferences in the plaintiff's favor. Conley v. Gibson, 355 U.S. 41, 45-56, 78 S.Ct. 99, 102 (1957); See Gant v. Wallingford Bd. Of Educ., 69 F.3d 669, 673 (2d Cir. 1995), appeal after remand, 195 F. 3d 134 (1999); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.) cert. denied, 115 S.Ct. 117 (1994).

In discrimination cases, the formal method of establishing a *prima facie case* was recently eschewed. The United State Supreme Court ("Supreme Court") recently rejected precedent which dictated that a discrimination complaint must allege facts constituting a *prima facie* case of discrimination under the McDonnell Douglas framework. See Swierkiewicz v. Soreman N.A., 122 S. Ct. 992 (2002). In explicitly overruling this standard, the Supreme Court held that in order to make a proper pleading of discrimination, and survive a motion to dismiss, all a plaintiff must do is plead facts which provide the defendant with "fair notice of what plaintiff's claim is, and the grounds on which it rests." Id. The Supreme Court specifically held:

> "Under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case . . . [m]oreover, the precise requirements of a *prima facie* case can vary depending on the context and were never intended to be rigid, mechanized or ritualistic. . . . Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case . . .[g]iven that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases. . . . [all that is required is that plaintiff] give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id.

Therefore, when reviewing a complaint on a motion to dismiss, the "Court must review the Complaint guided not by the narrow question of whether it contains facts which, if true,

- 3 -

could satisfy *every element* of an employment discrimination claim, but rather by the broader question of whether the Complaint contains enough information to put Defendant on notice of the nature of Plaintiff's claims." Greenier v. Pace, Local No. 1188, 2002 WL 731714, *2 (D. Me. 2002). Indeed, the pleading requirements in a discrimination case are so minimal that a claim has been held to survive a motion to dismiss where the only allegation was "I was turned down for the job because of my race." See Bennet v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

Thus, in considering this motion, the Court must not scrutinize the allegations in the Amended Complaint nearly as heavily as it will scrutinize the evidence at trial.

Defendant, in its Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint ("Memorandum"), argue that the pleading standard has been elevated by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

However, Defendant misconstrues the holdings of Twombly and its progeny. Moreover, even if the standard of pleading outlined by Twombly were applicable here, Plaintiff's claims are still viable.

The Second Circuit undertook a "careful consideration" of Twombly and noted the Supreme Court's "conflicting signals," in Twombly, about pleading requirements. Thereafter, the Second Circuit stated its belief that the Supreme Court "is not requiring a universal standard of heightened fact pleading." Iqbal v. Hasty, 490 F.3d 143, 157 (2nd Cir. 2007). In reaching that conclusion, the Second Circuit considered the Supreme Court's statement in Swierkiewicz "that heightened pleading requirements 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" Id. (citing Swierkiewicz, 534 U.S. at 515). "[O]n a motion under Rule 12(b)(6) the inquiry is into the sufficiency of the pleading, not of the evidence." Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P., 380 F.3d

126, 132 (2nd Cir. 2004). Therefore, Defendant's attempt to elevate the pleading requirements is simply not supported by the law.

Even though the pleading standard has not been raised, Defendant is correct in stating that pleadings may not be conclusory and, after <u>Twombly</u>, must state plausible claims. However, such concerns are not raised by Plaintiff's Amended Complaint.

Specifically, not one of Plaintiff's factual allegations is anything besides an allegation of fact. A review of paragraphs 5 through 28 of the Amended Complaint clearly demonstrates that Plaintiff has alleged facts, either from personal knowledge or upon information and belief, not conclusory statements. <u>See</u> Complaint, ¶¶5-28. Put simply, each and every fact in those paragraphs is a raw fact or allegation that can be proved or disproved by the evidence. <u>Id.</u> None of these facts states what conclusion the trier of fact should reach. <u>Id.</u>

The other paragraphs in the Amended Complaint provide the legal basis for the Amended Complaint or for the claims themselves. <u>See</u> Complaint, ¶¶1-4, 29-33. As with the factual allegations, the legal allegations may be proved or disproved by the evidence, but do not state or suggest what conclusion a trier of fact must reach. <u>Id.</u> Furthermore, as further detailed below, all parts of the Amended Complaint state plausible claims of discrimination and the deprivation of Constitutional rights. Whether there is sufficient evidence to prove Plaintiff's claims will be an issue after discovery. Plaintiff has alleged facts sufficient to support her claims.

## II.   PLAINTIFF STATES A CLAIM UNDER TITLE VII

### A. Plaintiff Sufficiently Plead a Sexual Harassment Claim.

Title VII prohibits employment discrimination, with respect to the compensation, terms, conditions, or privileges of employment, based on the sex of an individual. 42 U.S.C. § 2000e. "In order to prevail on a claim that sexual harassment has caused a hostile work environment in violation of Title VII, [P]laintiff must establish two elements." Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000). "The first [element] relates principally to the environment itself and its effect on [P]laintiff; the second [element] relates to the employer's response to a complaint about the environment." Id.

First, Plaintiff must show that the workplace is permeated with "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)). Thus, [P]laintiff must demonstrate "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." Id. However, "[t]here is [not]...a number of incidents below which [P]laintiff fails as a matter of law to state a claim." Id. at 154.

> [W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances.  The effect on the employee's psychological well-being is, of course, relevant to determining whether Plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)).

Throughout the Amended Complaint, Plaintiff has alleged numerous instances of Defendant's discriminating against Plaintiff based on either her gender, race, and/or disability, or

retaliating against Plaintiff because of her complaints of discrimination. See Complaint ¶¶ 8-28. A fact finder can infer that these instances were "sufficiently continuous and concerted to have altered the conditions of her working environment" in that Plaintiff was verbally and physically harassed because she is an African-American woman, and/or because of her ailment, and/or because she opposed discriminatory practices. See Complaint ¶¶ 8-28. Accordingly, Plaintiff has satisfied the first element of a Title VII claim of discrimination based on a hostile work environment.

Second, Plaintiff must allege that "a specific basis exists for imputing the conduct that created the hostile environment to the employer." Howley 217 F.3d, at 154. "When the source of the alleged harassment is a co-worker, [P]laintiff must demonstrate that the employer failed to provide a reasonable avenue for complaint or if it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." Id. Paragraphs 9, 11, 16, and 28 of the Amended Complaint describes how Plaintiff complained about the various discriminatory acts to which she had been subjected. Specifically, Plaintiff requested an investigation into the incident in which a Plexiglas window fell on her, Plaintiff complained to her supervisors between 2004 and the present about unwanted sexual advances made by male correction officers and supervisors, Plaintiff requested the identity of those who had accused her of sexual improprieties with male inmates, and Plaintiff wrote to Superintendent Brian Fisher requesting an investigation into the dissemination of rumors concerning her being barred from seeing an unauthorized inmate. See Complaint ¶¶ 9, 11, 16, 28. Therefore, Plaintiff has also satisfied the second element of her Title VII hostile work environment claim.

Accordingly, since Plaintiff has alleged facts sufficient to support an inference that (1) Defendant's subjected Plaintiff to a discriminatory environment, which she perceived as

discriminatory, and (2) Defendant's knew of the harassment, yet failed to remedy it, her hostile work environment claims cannot be dismissed. Accordingly, Plaintiff's Amended Complaint alleges a cognizable Title VII claim.

**B. Plaintiff Sufficiently Plead a Retaliation Claim.**

To establish a prima facie case of retaliation under Title VII, an employee must show that: "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of Plaintiff's participation in the protected activity; (3) the employer took adverse action against Plaintiff; and (4) a causal connection existed between Plaintiff's protected activity and the adverse action taken by the employer." Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000) (quoting Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993). For the purposes of a motion to dismiss, Plaintiff is not required to sufficiently plead all aspects of a prima facie case of retaliation, but rather need only plead facts which provide Defendant with "fair notice of what Plaintiff's claim is, and the grounds on which it rests." Swirekiewicz, 122 S. Ct. at 992. "The ultimate question of retaliation involves a defendant's motive and intent, both difficult to plead with specificity in a complaint." Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1994). In fact it is specifically provided that "[m]alice, intent, knowledge and other conditions of mind . . . may be averred generally" by Rule 9(b) of the Federal Rules of Civil Procedure. "While a bald and uncorroborated allegation of retaliation might prove inadequate to withstand a motion to dismiss, it is sufficient to allege facts from which a retaliatory intent in the part of the defendant reasonably may be inferred." Id.

1. <u>Plaintiff alleges that she was engaged in protected activities.</u>

Certainly, the chronology set forth in Plaintiff's complaint provides such sufficient facts, illustrating that Defendant acted in a manner which made more hostile working environment following her complaints. <u>See</u> Complaint ¶¶ 8-18. Specifically, note that after Plaintiff requested an investigation be conducted into the incident of the fallen Plexiglas window, she began being subjected to unwanted sexual advances from male correction officers and supervisors. <u>See</u> Complaint ¶¶ 9-10. Furthermore, after complaining to supervisors about these unwanted sexual advances, Plaintiff's work environment became more hostile, and she was falsely and maliciously accused of sexual improprieties, including sexual contact with male inmates. <u>See</u> Complaint ¶¶ 11-13. Plaintiff was then twice investigated by DOCS' Office of the Inspector General for false charges regarding alleged sexual improprieties with male inmates. <u>See</u> Complaint ¶¶ 14-15. The chronology of these events clearly sets forth a pattern of increased hostility in Plaintiff's working environment following complaints by the Defendant.

2. <u>Plaintiff suffered adverse employment action.</u>

In order to show an adverse employment action with respect to Plaintiff's retaliation claim, Plaintiff's burden has frequently been described as minimal. <u>Scaria v. Rubin</u>, 117 F.3d 652, 654 (2d Cir. 1997)(per curiam); <u>see also</u> <u>Cronin v. Aetna Life Ins. Co.</u>, 46 F.3d 196, 204 (2d Cir. 1995) (holding that Plaintiff's burden in establishing the elements of a prima facie case is de minimus). An employment action is considered adverse if "the employer's actions…could well dissuade a reasonable worker from making or supporting a charge of discrimination." <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 126 S.Ct. 2405, 2409 (2006). "Congress cast the prohibitions of Title VII broadly to include subtle distinctions in the terms and conditions of employment as well as gross salary differentials based on forbidden

classifications." Rodriguez v. Board of Ed. of Eastchester Union Free School Dist., 620 F.2d 364 (2d Cir. 1980).

Here, Plaintiff was, *inter alia*, investigated for homicide, physically injured, sexually harassed, accused of sexual improprieties, and subjected to frivolous investigations. Plaintiff's Amended Complaint clearly pleads specific acts which qualify as actions which could dissuade a reasonable employee from filing a charge of discrimination. See Complaint ¶¶ 8-18. These facts, as alleged in the Amended Complaint, clearly constitute adverse employment actions to which Plaintiff was subjected.

3. <u>Plaintiff sufficiently demonstrates a causal connection by showing that the protected activity was closely followed by retaliatory acts.</u>

Plaintiff may establish a causal connection in one of several ways. Borrero v. Collins Bldg. Services, Inc., 2002 WL 31415511, at *15 (S.D.N.Y Oct. 25, 2002). First, Plaintiff may present "evidence of retaliatory animus directed against [P]laintiff [to] establish the causal connection directly." Id; see also McNair v. N.Y.C. Health and Hosps. Corp., 160 F. Supp. 2d 601, 604 (S.D.N.Y. 2001). Notably, direct evidence proving whether retaliatory animus is a motivating factor in an employment action is difficult to find because those who retaliate deliberately try to conceal their retaliatory intent. Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994). Moreover, retaliatory intent will rarely be demonstrated by "smoking gun" evidence; rather, in most retaliation cases direct evidence of the employer's motivation is unavailable. Dister v. Continental Group Inc., 859 F.2d 1108, 1112 (2d Cir. 1988).

Additionally, Plaintiff may illustrate the casual connection "indirectly, by showing that the protected activity was followed closely by discriminatory treatment." McNair, 160 F.Supp. at 264. Additionally, there is no "bright-line" rule which sets forth the maximum length of time that can transpire between Plaintiff's participation in protected activities and the ensuing adverse

employment actions. See Gorman-Bakos v. Cornell Co-Op Extension of Schenectady County, 252 F. 3d 545, 664 (2d Cir. 2001).

Here, Plaintiff clearly alleges that Defendant was aware of her complaints of discrimination and sexual harassment, and retaliated against her through adverse employment actions. See Complaint ¶¶ 9-16, 18). These adverse employment actions occurred shortly after Plaintiff's complaints of discrimination, and were not taken against similarly-situated coworkers who did not complain about discrimination. See Complaint ¶ 17. Furthermore, Plaintiff was treated differently than others who were similarly-situated, and she was treated differently than she was prior to her complaints of discrimination. Consequently, Plaintiff has sufficiently pled causation.

### III. PLAINTIFF'S FMLA CLAIM AGAINST DEFENDANT IS ONLY BARRED IN FEDERAL COURT.

Defendant argues that Plaintiff's claim pursuant to FMLA is barred pursuant to the Eleventh Amendment of the United States Constitution ("Eleventh Amendment"). However, such preclusion is only applicable in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Therefore, Plaintiff respectfully requests that she be allowed to withdraw said claim without prejudice with leave to file in state court.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that Defendant's motion to dismiss be denied in its entirety. Plaintiff also respectfully requests that she be permitted to withdraw said claim without prejudice with leave to file in state court.

Dated: June 10, 2008
      Carle Place, New York

                                    Respectfully submitted,

                                    LEEDS MORELLI & BROWN, P.C.
                                  *Attorneys for Plaintiff*

                                  Matthew Porges (MP-5826)
                                  One Old Country Road, Ste. 347
                                  Carle Place, New York 11803
                                  (516) 873-9550

TO:    MARIA BAROUS HAROFILIS
         Assistant Attorney General
         *Attorney for Defendant*
         120 Broadway, 24th Floor
         New York, New York 10271
         (212) 416-6295