UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY GARY

                Plaintiff,

     -against-

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES,

                Defendant.
------------------------------------------------------------X

Original Filed By ECF

08 CV 1157 (JSR)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

ANDREW M. CUOMO
Attorney General of the
  State of New York
<u>Attorney for Defendant</u>
120 Broadway
New York, New York 10271
(212) 416-6295

MARIA BAROUS HARTOFILIS
Assistant Attorney General
 <u>of</u> <u>counsel</u>

NATALIE DI DONNA
Legal Intern

## TABLE OF CONTENTS

                                                                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

Preliminary Statement ........................................................................................................... 1

POINT I        PLAINTIFF'S TITLE VII CLAIMS REQUIRE DISMISSAL ................... 2

A.        Plaintiff Fails to Sufficiently Plead a Sexual Harassment Claim .......................... 3

B.        Plaintiff Fails to Sufficiently Plead a Retaliation Claim ........................................ 5

C.        Plaintiff Does Not Even Attempt to Defend a Claim Based on
Race, Color or Disability Discrimination ............................................................. 7

POINT II       PLAINTIFF HAS WITHDRAWN HER FMLA CLAIM .......................... 8

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                          **Page**

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002) .................................................................................. 3, 4

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (U.S. 2007) ...................................................................................... 2

Brown v. Henderson,
    257 F.3d 246 (2d Cir. 2001) ..................................................................................... 3

Kessler v. Westchester County Dept. of Soc. Servs.,
    461 F.3d 199 (2d Cir. 2006) ..................................................................................... 6

Martinez v. New York City Department of Education,
    2008 U.S. Dist. LEXIS 41454 (S.D.N.Y. May 27, 2008) ....................................... 6

Meritor Savings Bank, FSB v. Vinson,
    477 U.S. 57(1986).  .................................................................................................. 5

Perry v. Ethan Allen, Inc.,
    115 F.3d 143 (2d Cir. 1997) ..................................................................................... 3

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008)  .................................................................................... 2

**Federal Rules**

Fed. R. Civ. Pro. 12 (b) (1) & (6) ................................................................................ 1, 8
Fed. R. Civ. Pro  8 ........................................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY GARY,

                        Plaintiff,

      -against-                                      08 CV 1157 (JSR)

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES,

                        Defendant.
------------------------------------------------------------X

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

**Preliminary Statement**

      Defendant, New York State Department of Correctional Services ("DOCS"), respectfully submits this reply memorandum of law in further support of its motion to dismiss the amended complaint ("Compl"), pursuant to Rule 12 (b) (1) and (6) of the Federal Rules of Civil Procedure.

      By Notice of Motion dated May 27, 2008, defendant moved for dismissal of the amended complaint on the ground that 1) plaintiff has failed to plead sufficient facts to state a Title VII sexual harassment claim; 2) plaintiff has failed to allege a viable retaliation claim; 3) plaintiff has not plead any facts of discrimination based on her race, color or disability and; 4) plaintiff's Federal Medical Leave Act ("FMLA") claim is barred by the Eleventh Amendment to the United States Constitution.

      In opposition, plaintiff fails to address the majority of the relevant arguments defendant has raised in support of its motion to dismiss the amended complaint. Plaintiff merely makes conclusory, unsupported, meritless and irrelevant arguments in an effort to

defeat dismissal.  Thus, plaintiff's opposition is  insufficient to avoid dismissal. However, plaintiff has correctly withdrawn her FMLA claim.

## POINT I

### PLAINTIFF'S TITLE VII CLAIMS REQUIRE DISMISSAL

Plaintiff's opposition does not allege any facts or identify legal authority to support her contention that she has satisfied the pleading requirements in federal court. Other than repeating the conclusory facts alleged in her amended complaint verbatim and repeating as incantations the legal standards, plaintiff has once again failed to provide any additional factual allegations to support plausible Title VII claims.

Plaintiff incorrectly claims that defendant misconstrued the holding of Bell Atlantic Corp. v. Twombly 127 S. Ct. 1955 (U.S. 2007).  See, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Opp."), p. 4.  In Twombly, the Court made clear that even at the pleading stage, a plaintiff must come forward with sufficient allegations suggesting a violation of plaintiff's rights.  See, Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint (hereinafter "Def. Memo"), p. 4.   Twombly did not call for a heightened pleading standard, nor did defendant claim it did, as plaintiff implies.  The Court clearly held that it "is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. " See, Bell Atlantic Corp. v. Twombly 127 S. Ct. at 1974; See also, Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (Citing Twombly, the Court held that "[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"

2

Despite plaintiff's attempt to muddle the federal pleading requirement, plaintiff concedes that "pleadings may not be conclusory and . . . must state plausible claims." See, Plaintiff's Opp. at p. 5. However, plaintiff's amended complaint clearly fails to state a plausible Title VII claim. Although plaintiff was provided with the opportunity to "amplify [her] claim with some factual allegations" in both her amended complaint and in her opposition to defendant's 12(b) motion to dismiss the amended complaint, plaintiff has failed to do so. Id. The facts plaintiff admits, together with the governing authority set forth in defendant's moving memorandum of law, leads to the inexorable conclusion that plaintiff has failed to state any Title VII claims.

### A.    Plaintiff Fails to Sufficiently Plead a Sexual Harassment Claim

In order to prevail on a claim that sexual harassment has caused a hostile work environment in violation of Title VII, a plaintiff must show "[1] that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (quoting, Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) (internal citations and quotation marks omitted)). "It is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex." Alfano, 294 F.3d at 373 (quoting, Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)). Plaintiff's complaint and opposition is devoid of any facts indicating a severe and pervasive harassment, how the alleged harassment altered the conditions of her employment or how it created an

3

abusive working environment or a specific basis for imputing the alleged harassment to defendant. See, Compl.; See also, Plaintiff's Opp. at pp. 6-8.

Here, the majority of alleged incidents cited by plaintiff are sex-neutral on their face. Plaintiff alleges that she was "unjustifiably and discriminatorily accused of having committed a homicide at Sing Sing." See, Compl. at ¶ 8. In addition, Plaintiff alleges that a Plexiglas window fell on her head while on duty. Id. at ¶ 9. Another sex-neutral incident plaintiff cites in support of her sex-based hostile work environment claim is that she was denied approval to visit her brother-in-law, an inmate, in a DOCS facility. Id. at ¶ 24. Plaintiff follows that incident up with the irrelevant allegations of rumors that spread because of her being denied visitation. Id. at ¶ 25. All of these incidents fail to support her sexual harassment claim. "Facially neutral incidents may be included, of course, among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex. But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." Alfano, 294 F.3d at 378. Plaintiff has failed to demonstrate how any of these incidents occurred because she is a woman.

Looking to the remainder of allegations made by Plaintiff, they are insufficient to establish a sex-based hostile work environment claim. Plaintiff has failed to show that "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Alfano, 294 F.3d at 373. Once gain, when provided with the opportunity to plead factual allegations of sexual harassment in her opposition, plaintiff fails to do so and merely

4

relies on her complaint, which clearly fails to allege even the basic elements of a sexual harassment claim. See, Plaintiff's Opp. p. 6.

Plaintiff also alleges that she sent a letter to Superintendent Brian Fisher to request an investigation regarding "the dissemination of rumors concerning her being barred from seeing an unauthorized inmate." Id. However, since the alleged correspondence to then Superintendent Fischer (currently Commissioner of DOCS) is admittedly not related to any claim of sexual harassment, it is irrelevant.

With respect to the sex-based allegations, plaintiff has once again failed to show that the alleged harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." See, Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). While plaintiff claims that she was the target of sexual advances "throughout her employment, but particularly in 2004 and continuing to the present" (See, Compl. at p. 3), she provides not one detail of who made these advances, the nature of the advances or when they occurred. Moreover, it is unclear how the alleged sexual advances could have continued to the present since plaintiff is no longer employed by DOCS. Upon information and belief, plaintiff resigned from DOCS in January 2007. Thus, plaintiff's complaint fails to provide defendant sufficient notice of her claim. Accordingly, plaintiff's sexual harassment claim must be dismissed in its entirety.

### B.   Plaintiff Fails to Sufficiently Plead a Retaliation Claim

To establish a prima facie case of retaliation under Title VII, plaintiff must show that: "1) [She] engaged in a protected activity; 2) Defendant knew of the protected activity; 3) Defendant took adverse action against Plaintiff which might well have

5

dissuaded a reasonable worker from engaging in protected activity; and 4) a causal connection between the protected activity and the adverse action." Martinez v. New York City Department of Education, 2008 U.S. Dist. LEXIS 41454, *36 (S.D.N.Y. May 27, 2008) (quoting, Kessler v. Westchester County Dept. of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006)).

Plaintiff misconstrues the meaning of protected activity. "Protected activity includes participation in any investigation, proceeding or hearing under Title VII as well as any opposition to practice made unlawful by Title VII, and may include formal as well as informal complaints." Martinez, 2008 U.S. Dist. LEXIS 41454 at *36-37. According to the time line plaintiff sets forth in her opposition, plaintiff alleges that the alleged sexual advances from male correction officers and supervisors were in retaliation for her request that an investigation be done regarding the fallen Plexiglas window incident. See, Plaintiff Opp. p. 9. However, a request to investigate a fallen window cannot serve as a basis for alleging retaliatory conduct because it is in no way activity made unlawful by Title VII. See, Martinez, 2008 U.S. Dist. LEXIS 41454 at *37 (Court held that plaintiff's "retirement was in no way a communication of a complaint about activity made unlawful by Title VII, so his retirement cannot serve as a basis for alleging retaliatory conduct."). Based on plaintiff's claim that the fallen window incident prompted plaintiff's entire retaliation claim, the claim as a whole must be dismissed.

Furthermore, defendant did not take any adverse action against Plaintiff. Plaintiff alleges that she was "investigated for homicide, physically injured, sexually harassed, accused of sexual improprieties, and subjected to frivolous investigations." See, Plaintiff Opp. p. 10. These incidents do not amount to adverse actions because none of them

6

relate to any tangible job benefits. Plaintiff has not alleged that she suffered any demotion or loss of privilege due to her complaints. Moreover, just as a complaint about a fallen pane of Plexiglas is not protected activity under Title VII, the incident does not constitute an adverse employment action on the part of the defendant.

Even if any of the incidents were considered adverse actions, plaintiff has not established a causal connection between her complaints and the alleged adverse action. Plaintiff alleges that "these employment actions [homicide investigation, fallen Plexiglas, sexual advances, and sexual impropriety investigations] occurred shortly after Plaintiff's complaints of discrimination." See, Plaintiff Opp. at p. 11. However, since Plaintiff has failed to provide any dates of the complaints of the alleged sexual advances except as to allege "on numerous occasions continuing to the present" (See, Compl. at ¶ 11), she has not established that the complaints of sexual harassment were closely followed by the alleged adverse actions. Plaintiff has also failed to allege any temporal proximity between any complaints about sexual harassment that occurred as early as 1997 and the 2003 homicide investigation or the 2004 IG investigations. See, Def. Memo at pp. 9-11.

Accordingly, because 1) plaintiff's retaliation claim is based on an incident that is not protected activity; 2) defendant did not take adverse action against plaintiff; and 3) there was no causal connection between the alleged protected activity and the alleged adverse action, plaintiff's retaliation claim must be dismissed.

### C. Plaintiff Does Not Even Attempt to Defend a Claim Based on Race, Color or Disability Discrimination

Plaintiff has utterly failed to respond to defendant's assertion that plaintiff has not met the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure with respect to any claims of discrimination based on her race, color or disability. Thus,

7

plaintiff has effectively withdrawn said claims. See, Def. Memo, p. 12. Plaintiff's complaint is completely devoid of any facts indicating any harassment or adverse treatment on account of her race or color. Moreover, Title VII does not cover discrimination on the basis of disability.

## POINT II

### PLAINTIFF HAS WITHDRAWN HER FMLA CLAIM

Plaintiff concedes that the Eleventh Amendment of the United States Constitution bars a FMLA claim against defendant in federal court. Accordingly, plaintiff has withdrawn this claim. See, Plaintiff's Opp. at pp. 1, 11.

However, plaintiff should not be granted leave by this Court to bring this claim in state court. This Court should not take any position on whether plaintiff can bring an FMLA claim in state court. Defendant reserves all defenses and arguments with respect to any such claim brought in state court.

## CONCLUSION

For the reasons set forth herein and in Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint, Defendant respectfully requests that this Court grant its motion to dismiss, pursuant to Fed. R. Civ. Pro. 12 (b)(1) and (6), in its entirety and with prejudice.

Dated: New York, New York
June 17, 2008

                              Respectfully Submitted,
                              ANDREW M. CUOMO
                              Attorney General of the State of New York
                              Attorney for Defendant State of New York

By:    /s/ Maria Barous Hartofilis
_____
MARIA BAROUS HARTOFILIS
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6295

MARIA BAROUS HARTOFILIS
Assistant Attorney General
Of Counsel

NATALIE DI DONNA
Legal Intern

9