*RAKOFF, J* (handwritten)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

TRACEY GARY,                                  :

                           Plaintiff,         :          **STIPULATION OF SETTLEMENT,**
                                                         **GENERAL RELEASE &**
                                                         **ORDER OF DISMISSAL**
            -v-                               :

STATE OF NEW YORK DEPARTMENT  :          08-CV-1157 (JSR)
OF CORRECTIONAL SERVICES,

                                              :

                           Defendant.

-------------------------------------------------------X

STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF DISMISSAL

("the Agreement") made by and between Tracey Gary ("Plaintiff") and the New York State

Department of Correctional Services ("DOCS" the "Defendant"), made as of ~~July~~ *(16th) August 13* , 2008:

WHEREAS, Plaintiff commenced this action by filing a complaint on or about February 5,

2008 and an amended complaint on or about May 7, 2008, alleging, inter alia, claims pursuant to

Title VII of the Civil Rights Act of 1964 against DOCS; and

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of

any federal, state or local statute, ordinance or law, in this matter whatsoever; and

WHEREAS, by order dated June 25, 2008, the Court granted in part, and denied in part,

defendant's motion to dismiss the amended complaint and dismissed plaintiff's Family and Medical

Leave Act claim with prejudice and also dismissed the purported claims for discrimination on the

basis of disability, race and color; and

WHEREAS, Plaintiff and Defendant desire to fully resolve the Action and any and all other

disputes, whether known or unknown, between them now without further litigation and without

admission of fault or liability; and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *8-14-08*

WHEREAS, none of the parties to this Action is an infant or incompetent person; and

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Agreement, Plaintiff and Defendant hereby stipulate and agree as follows:

1.     **Dismissal of the Action with Prejudice.**  The Action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorney's fees, costs, disbursements or expenses in excess of the amounts specified in paragraph 2 of this Agreement.

2.     **Payment to Plaintiff.**  For and in consideration of dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant shall cause the following sum to be paid in full and complete satisfaction of all claims, allegations or actions, direct or indirect, known or unknown, including but not limited to claims for damages, equitable relief, attorneys' fees, costs or disbursements, that Plaintiff had, has, or may have against Defendant arising out of conduct, acts or omissions prior to and as of the date of this Agreement including but not limited to those asserted in the Action:

To Plaintiff, one payment totaling Seven Thousand Five Hundred Dollars ($7,500) in compensatory damages, for which a Form 1099 shall be issued. The foregoing payment shall be made payable to the order of Tracey Gary, c/o Leeds, Morelli and Brown, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514.

3.     **State Approval of Payments.**  The payment referenced in paragraph 2 of this Agreement is subject to the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law § 17, which is expected within approximately 120 days after receipt by the New York State Department of Law from the Court of a "So Ordered" copy of this Agreement, endorsed by a judge

-2-

and entered into the record.

4.    **Accrual of Interest.** In the event that the payment referenced in paragraph 2 of this Agreement has not been made by the one hundred twentieth day after receipt by the New York State Department of Law of a "So Ordered" copy of this Agreement, endorsed by a judge and entered into the record, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twenty first day at the statutory rate pursuant to 28 U.S.C. § 1961.

5.    **Indemnification for Tax Liability.** In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that Defendant and/or the State of the New York are liable for the failure of Plaintiff to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payment referred to in paragraph 2, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify Defendant and/or the State of New York for such liability in excess of the amount of any taxes withheld with respect to any portion of the payment referred to in paragraph 2, so long as said person has been provided with notice of any such claim or proceeding against Defendant and/or the State of New York promptly following receipt of notice of such claim or proceeding by Defendant and/or the State of New York. Notice to Leeds, Morelli and Brown, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, shall constitute sufficient notice under this paragraph 5.

6.    **General Release in Favor of Defendant.** For and in consideration of the payment referenced in paragraph 2 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors and

-3-

assigns (collectively "the Releasing Parties"), hereby releases and forever discharges Defendant and all of its present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Complaint and Amended Complaint in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Released Parties or the termination thereof or the terms and conditions of her employment and/or association with any of the Released Parties; (c) any and all claims of harassment, hostile work environment or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, status, pregnancy or medical condition; (d) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; the New York Human Rights Law, the New York Executive Law; the United States Constitution; the New York State Constitution; and New York Common Law (e) any and all claims for salary, bonuses, severance pay, vacation pay, incentive pay or other

-4-

compensation, or any nonvested retirement, pension or savings plan benefits; (f) any and all grievances pursuant to the New York State Corrections Officers Police Benevolent Association/DOCS Collective Bargaining Agreement ("NYSCOPBA/DOCS CBA"); and (g) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorney's fees, or any other claims under federal, state, or local law relating to employment, or otherwise. This release also includes a waiver and release of any claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights and/or New York City Commission on Human Rights, as well as any claims against the State of New York, its agencies, departments and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any of the transactions, acts, omissions or occurrences which are described, alleged or set forth in the Complaint and Amended Complaint in the Action.

7.     **Future Employment.** Plaintiff agrees that she will not seek, apply for or accept employment or contracted work at DOCS at any time in the future, and hereby waives any rights that may accrue to her from rejection of any application for employment or contracted work at DOCS that may have been submitted to the date of this Agreement. Plaintiff acknowledges that DOCS has no obligation, contractual or otherwise, to hire, employ or contract Plaintiff in the future. Should Plaintiff, in violation of this provision, seek, apply for or accept employment or contracted work at DOCS and initiate any form of legal claim or action based thereupon against DOCS, the parties agree

-5-

that said claim or action should be dismissed with prejudice pursuant to this paragraph 7.

8.    **No Other Action Commenced.**  Other than the Action, Plaintiff represents that she has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against DOCS or any of its entities, employees and/or agents, on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

9.    **No Prevailing Party.**  Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to the Action.

10.    **Successors and Assigns.**  The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

11.    **Authority.**  Each signatory to this Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

12.    **Voluntary Agreement.**  Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney and that she, he or it has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth

-6-

or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

13.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendant, the State of New York or their employees; and that Defendant expressly denies any wrongdoing or liability.

14.    **No Precedential Value.** This Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendant or any constituent unit thereof or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

15.    **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

16.    **Governing Law.** The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiff's release and

-7-

waiver of federal claims pursuant to paragraph 7 of this Agreement.

17.    **Severability.**  If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

18.    **Headings.**  The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.


**IN WITNESS WHEREOF,** the parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Agreement to be effective on the day and date first above written.

Dated: 1\28\08

TRACEY GARY
By:

Tracey Gary

STATE OF NEW YORK, COUNTY OF ____ :§§:

On July _28th_, 2008 before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Tracey Gary,  personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Lydia E. Cruz
Commissioner of Deeds
City of New York No. 3-7319
Certificate Filed in Bronx County
Commission Expires May 01, 20_10_

NOTARY PUBLIC

-8-

Dated:  7/21/08

LEEDS, MORELLI & BROWN, P.C.
Attorneys for Plaintiff
By:

Thomas Ricotta
One Old Country Road
Carle Place, New York 11514
(516) 873-9550

Dated:  8/13/08

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendant
By:

Maria B. Hartofilis
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6295

SO ORDERED:

Honorable Jed S. Rakoff
United States District Court Judge

8/13/08

Dated

-9-